UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE CONLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV1205 HEA |
| ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 512397), an inmate at Western Missouri Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.17. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $55.83, and an average monthly balance of $28.10. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.17, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his civil rights. Named as defendants are: the Missouri Department of Corrections, Justin Kent Summary (public defender), and Karla Brune (parole analyst).

Plaintiff alleges that the Missouri Department of Corrections denied him due process when they purportedly changed his criminal sentence by denying him entrance into a long-term treatment program. Specifically, plaintiff states that he was sentenced in Missouri state court to a term of imprisonment of seven (7) years, to run concurrently

with a five (5) year sentence he received in another matter. Plaintiff claims that as part of his sentence, the court "ordered that [plaintiff] be placed in the Department of Corrections' long-term treatment program under Chapter 217.362 R.S.Mo." Plaintiff asserts that while awaiting entrance into the long-term treatment program, he was housed in the maximum-security unit at the Eastern Reception, Diagnostic and Correctional Center. Plaintiff claims that while he was being housed in that unit he was attacked by another inmate and was forced to "defend himself." After the altercation, defendant Brune sent a letter to the state court informing the court that plaintiff had been found ineligible for placement in the long-term treatment program due to his alleged participation in an institutional assault upon another inmate in August of 2007. Defendant Brune went on to state that plaintiff would be referred for prosecution regarding the incident, although plaintiff asserts that he has not been prosecuted. Plaintiff alleges that as a result of defendant Brune's letter, the state court then entered an order stating, "Per correspondence from Department of Corrections, defendant's sentence amended, rescinding sentencing pursuant to 217.362 R.S.Mo."

In this action, plaintiff seeks monetary damages against his criminal lawyer, defendant Brune and the Department of Corrections, for purportedly amending his criminal sentence to negate entrance into the long-term treatment program without due

process of law. Plaintiff also complains that the court's failure to pre-screen him for eligibility to the long-term treatment program, coupled with the Department of Corrections' failure to place plaintiff with non-violent prisoners while undergoing screening, resulted in a "violation of plaintiff's constitutional rights." Plaintiff has indicated that in addition to the current lawsuit, he has also filed an action in state court seeking to vacate his sentence.

## Discussion

To establish a *prima facie* case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981). The Court does not believe that plaintiff has stated a violation of a constitutional right, because according to the plain language of the statute, the long-term treatment program does not obviate the criminal sentence. *See* Mo.Rev.Stat. § 217.362 ("...if an offender is eligible and there is adequate space, the court may sentence a person to the program which shall consist of institutional drug or alcohol treatment for a period of at least twelve and no more than twenty-four months, as well as a term of incarceration"). Plaintiff admits that he was originally sentenced to a term of seven (7) years, as well as participation in the long-term treatment program. The

state court's removal of the long-term treatment program from his sentence did not enhance his original sentence. Rather, plaintiff is still subject to the original seven (7) year sentence.[1] Accordingly, this purportedly unilateral act cannot be described as a deprivation of a constitutional right.[2]

Even if plaintiff had alleged a violation of his constitutional rights, his complaint would still be subject to dismissal. The complaint fails to state a claim against the Missouri Department of Corrections because it is not an entity subject to suit under § 1983. *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.,* 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983

---

[1] The Court acknowledges that the statute allows for the Missouri Board of Probation and Parole to recommend to the sentencing court a probationary release date after completion of the long-term treatment program. Nonetheless, "[i]f the court determines that probation is not appropriate the court may order the execution of the offender's sentence." Mo.Rev.Stat. § 217.362.3. Furthermore, the statute specifically provides that "[i]f the court is advised that an offender is not eligible or that there is no space available, the court shall consider other authorized dispositions." Mo.Rev.Stat. § 217.362.2. According to plaintiff, after being told by the Missouri Board of Probation and Parole that plaintiff was no longer eligible for the long-term treatment program, the state court amended the sentence to the original term of incarceration. It appears (based on the facts as alleged by plaintiff) that the court acted in accordance with the statute in doing so.

[2] The alleged resentencing appears to be the hallmark of plaintiff's complaints, however, he has not named the sentencing judge as a defendant in this action. Nor could he, as the resentencing judge is entitled to absolute immunity and cannot be pursued under § 1983. *Penn v. United States,* 335 F.3d 786, 789 (8th Cir. 2003); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

suit). Moreover, the complaint fails to state a claim upon which relief can be granted against defendant Summary because plaintiff has not alleged any wrongdoing by defendant Summary. Regardless, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Furthermore, the Eighth Circuit has held that members of the parole board are entitled to absolute immunity in prisoner § 1983 actions regarding considerations of eligibility for programs and/or parole. *See*, *e.g.*, *Mayorga v. Missouri*, 442 F.3d 1128 (8th Cir. 2006).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.17 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of September, 2008.

    _____
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE